## NEWPORT COUNTY.

WILLIAM P. DAWLEY *et ux. et al.*, Appellants, *vs.* THE PROBATE COURT OF NEW SHOREHAM.

In Pub. Stat. R. I. cap. 189, § 13, which provides that no heir nor devisee shall have power to aliene or incumber the real estate of any decedent so as to affect the executor's or administrator's sale thereof "within three years and six months after the probate of the will, or grant of administration on the estate of such person," the words "probate of the will or grant of administration" mean tender of administration to and acceptance thereof by the executor or administrator.

APPEAL from a decree of the Probate Court of New Shoreham.

*Providence, February* 1, 1890. DURFEE, C. J. The admitted facts in this case are, that Jesse Rose, late of New Shoreham, died in June, A. D. 1878, seized of the real estate in controversy, and leaving a last will by which he devised it to his daughters, Edna and Harriet F., subsequently married, who with their husbands are the appellants; that the will was duly proved August 5, A. D. 1878; that Alanson D. Rose, nominated therein as executor, refused to accept the trust; that December 5, 1887, no person having been previously appointed administrator with the will annexed, one William M. Rose was so appointed; that the estate

was represented insolvent, and commissioners appointed, by whom the claim of one John A. Gorton was allowed; that the report of the commissioners was established October 1, A. D. 1888, and that January 7, A. D. 1889, the administrator was authorized by decree of the Probate Court of New Shoreham to sell said real estate to pay said debt and the expenses of administration, from which decree the appeal now before us was taken.    All the real estate of which the testator died seized was conveyed by the appellants to one Orrison S. Marden, October 30, A. D. 1887 ; and one of the reasons assigned for the appeal is, that the decree appealed from is void because of said conveyance previously made, the said conveyance having been made long after the lapse of three years and six months from the probate of the will.    The question is, whether the reason so assigned is valid.

The question arises under Pub. Stat. R. I. cap. 189, § 13, which provides that no heir or devisee shall have power to aliene or incumber the real estate of any decedent, so as to affect the executor's or administrator's sale thereof, " within three years and six months after the probate of the will or grant of administration," but that, after that period, he may aliene or incumber the same, and the same shall not be liable for the decedent's debts in the hands of the purchaser.    The appellants contend that under this provision the real estate is no longer liable to be sold by the administrator.    Clearly this is so, if all that is meant in § 13 by " the probate of the will " is the admission of the will to probate and its establishment as a valid testamentary instrument.    The appellee contends that more is meant ; namely, the acceptance or qualification of the executor, or, if the executor does not accept, the appointment and qualification of an administrator in his place. His argument is, that the settlement .of the estate cannot legally begin until then, and that it is therefore unreasonable to suppose that the three years and six months aforesaid can begin at any earlier date.    He asks us to observe that the language is " after the probate of the will or grant of administration," the two phrases, " probate of the will " and " grant of administration," he argues, being evidently used as equivalent for the purpose for which they are used.    And he contends that if the phrase " grant of administration " must be held to include, not only the appoint-

ment of an administrator, but also his acceptance and qualification, so also must the phrase " probate of the will " be held to include not only the proving of the will, but also the acceptance and qualification by the executor, or, if he refuses, by the administrator with the will anexed.

We like always, in construing a statute, to take the words literally, assuming that the General Assembly have chosen such as readily express their intent. This cannot always be done, for it sometimes happens that words have been used that taken literally are inconsistent with the predominating purpose. The cases are numerous in which the literal meaning of words and phrases has been restrained or extended by construction to suit the legislative intent. Sedgwick on Stat. and Constit. Law, 254 *sq.* The real intention, it is said, should always prevail over the literal sense of terms, and the real intention is to be ascertained from an examination of the whole and every part of a statute, taken and compared together. 1 Kent Comment. *462. We must look, therefore, not only to § 13 of cap. 189, but also to the other sections. When we so look, we find others in which the phrase " probate of the will or grant of administration " is used to denote a date or time, the two phrases, " probate of the will " and " grant of administration," being apparently used as equivalents, the first as the more proper to testate, the second as the more proper to intestate estates. See §§ 8, 12, 21 ; also cap. 205, § 9. We think there can be no doubt that the two phrases so used were intended to be taken as equivalents in meaning. But, because they have equivalent meanings, it does not follow that they mean all which the appellee claims that they mean : namely, that by " probate of the will " is meant not only a tender of the executorship to the person named therein as executor, but also his acceptance; and that by " grant of administration " is meant not only a tender of administration to the person named as administrator in the decree of the Probate Court, but also his acceptance thereof and qualification. The question is, then, whether the phrase " grant of administration " imports not only a tender thereof by the court, but also an acceptance thereof by the grantee. We have come to the conclusion that acceptance is necessary, the grant until accepted being inchoate or incomplete. There can be no administration in

the statutory sense without an administrator, nor, as regards the personal estate, does a will carry itself into effect. We think it is inferable from the sections above cited that acceptance is necessary. Thus three years " from the probate of the will or administration granted " is given by said § 12 to the executor or administrator for the settlement of the estate. But the three years, to be three years for the executor or administrator, must not begin before he becomes executor or administrator.

Section 8 is yet more significant. The language is : " No action shall be brought against any executor or administrator in his said capacity within one year after the will shall be proved or administration granted, nor after three years from the time of such proof or grant, . . . provided notice of his appointment be given according to law, said periods to be reckoned from the time of giving such notice." Here very clearly probate of the will or grant of administration is equivalent in meaning to the appointment of the executor or administrator, and by appointment is meant such an appointment as can be notified, i. e. an appointment not merely tendered, but also completed by acceptance. In the digests of 1798 and 1822 the words " said periods to be reckoned from the time of giving such notice " are lacking. Without them it is more evident that the appointment and the acceptance were both regarded as a part of the probate or grant; for without them the periods would have to be reckoned from the probate or grant, and, giving the words the construction which the appellant contends for, the three years might expire, if the acceptance were delayed, before there was any executor or administrator against whom suit could be brought.

A general survey leads to the same conclusion. It is apparent from such a survey that the plan or scheme of the statutory provisions relating to the matter is this, namely, to allow to the executor or administrator three years for the settlement of the estate; to protect him during the first year, and to relieve him after the third from suits by the creditors, if he gives notice of his appointment as required ; also to exempt the heirs and devisees from such suits for three years, said three years being apparently designed to coincide practically with the three years allowed for the settlement, and finally to preserve the real estate subject

to the creditors' lien during said three years, and, in order to give the creditors ample opportunity to bring their suits for the enforcement of their lien, for six months longer, any alienation during said period of three years and six months being made ineffectual to divest the lien. Now, in order to have this plan or scheme work as it was apparently designed to work, it is necessary to hold that "the probate of the will" or "the grant of administration" is incomplete until the executor or administrator accepts; for otherwise, if the acceptance be delayed, the "periods" will fail to correspond, and the settlement of the estate will fall into confusion.

We are sensible that much can be said against this construction. Our own first impressions were against it. We have been led to it by careful consideration. The Massachusetts statutes make the time of giving bond by the executor, as administrator for the discharge of his trust, the time from which the periods are to be reckoned. Pub. Stat. Mass. cap. 136, §§ 1, 9, 17, 25, 26. Our statutes use language which is less certain, but we think the time intended to be designated is virtually the same.

Our conclusion is, that the decree appealed from should be affirmed.

*William P. Sheffield*, for appellants.

*Christopher E. Champlin & John M. Brennan*, for appellees.